# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Maurice Anthony Odom, )<br>*also known as* )<br>Maurice Anthony Odom, Sr., )<br>                                        )<br>                 Petitioner, )<br>                                        )<br>v.                                          )<br>                                         )<br>Warden of Broad River Corr. Inst., )<br>                                         )<br>               Respondent. )<br>_____) | Civil Action No. 8:23-cv-06895-TMC<br><br>**ORDER** |

      Petitioner Maurice Anthony Odom ("Petitioner"), proceeding *pro se*, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On January 11, 2024, Petitioner filed a second Petition for a Writ of Habeas Corpus raising additional claims. (ECF No. 1-3). The magistrate judge entered an order directing Petitioner to file a new amended petition "that presents all grounds he intends to raise in this action" and indicated that once the amended petition was received by the court, it would "replace all prior petitions and become the operative 'Petition' filed in this matter." (ECF No. 12 at 1). Petitioner filed an amended petition (the "Petition") on February 5, 2024. (ECF No. 19).

      Thereafter, Respondent filed a motion for summary judgment, (ECF No. 42), as well as a Return and Memorandum to the Petition for Habeas Corpus, (ECF No. 41). The court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedures, and the possible consequences if he failed to adequately respond.

1

(ECF No. 44). Petitioner filed a response, (ECF No. 48), and Respondent filed a reply thereto, (ECF No. 51). Petitioner then filed several additional documents in opposition to the motion for summary judgment. (ECF Nos. 54, 58).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant Respondent's motion for summary judgment, deny the Petition, and decline to issue a certificate of appealability. (ECF No. 61). The magistrate judge notified Petitioner of his right to file objections to the Report. *Id.* at 12. Petitioner filed timely objections. (ECF No. 63). Respondent filed a reply to the objections, (ECF No. 65), and Petitioner filed a sur-reply, (ECF No. 66). This matter is now ripe for review.

## STANDARD OF REVIEW

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of

a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require

them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

**APPLICABLE LAW**

"[T]o grant [a] habeas petition, [the court] must conclude that the state court's adjudication of [the petitioner's] claims was not only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004). Additionally, the factual findings of the state court are entitled to deference and are "presumed to be correct" unless Petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Presently, this case is before the court on Respondent's motion for summary judgment. (ECF No. 42). Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Phillips v. Nlyte Software Am. Ltd.*, 615 Fed. App'x 151, 152 (4th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"'In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party.'" *Sellers v. Keller Unlimited LLC*, 388 F. Supp. 3d 646, 649 (D.S.C. 2019) (quoting *HealthSouth Rehab. Hosp. v. Am. Nat'l Red*

*Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996)). However, "'[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.'" *McKinney v. G4S Gov't Sols., Inc.*, 711 Fed. App'x 130, 134 (4th Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of proving that summary judgment is appropriate. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Lane & Roderick, Inc.*, 736 Fed. App'x 400, 400 (4th Cir. 2018) (citing *Celotex Corp.*, 477 U.S. at 322–23). Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015).

## DISCUSSION

In the Report, the magistrate judge set forth a detailed account of the background of Petitioner's state case as well as his post-conviction relief proceedings. (ECF No. 61 at 1–4). Petitioner has not objected to this recitation of the facts regarding the background of his state case. Briefly, Petitioner was charged with burglary and related offenses in Newberry and Laurens Counties based on his alleged participation in two convenience store burglaries in 2011. (ECF Nos. 61 at 1–2; 41-1 at 9–10). In June 2014, the State offered to drop his pending charges in Newberry County and recommend a ten-year sentence if Petitioner would plead guilty to burglary, conspiracy, and grand larceny in Laurens County. (ECF Nos. 61 at 2; 41-1 at 66). Petitioner declined the deal and went to trial in Laurens County, where a jury found him guilty, and he was sentenced to fifteen years of imprisonment. (ECF Nos. 61 at 2; 41-1 at 10).

Following that jury trial and conviction, the State filed a notice of intent to seek a life without parole sentence ("LWOP") in Newberry County as to the pending burglary charge. (ECF Nos. 61 at 2; 41-1 at 48). The State then offered for Petitioner to plead guilty to second degree burglary in exchange for the State taking LWOP "off the table" and recommending a fifteen-year sentence to run concurrent to Petitioner's sentence in Laurens County. (ECF Nos. 61 at 3; 41-1 at 49, 52). Petitioner accepted this deal and entered an *Alford*[1] plea on January 5, 2015. (ECF Nos. 61 at 3; 41-1 at 1–19). Following Petitioner's plea, the state court accepted the State's recommendation of a fifteen-year concurrent sentence. (ECF No. 41-1 at 18).

Thereafter, Petitioner filed a direct appeal, which was dismissed in March 2015. (ECF No. 41-1 at 20–26). In January 2016, Petitioner filed an application for postconviction relief ("PCR"), which the PCR court denied following a hearing. *Id.* at 28–33, 78–79, 108–23. In March 2022, Petitioner's PCR counsel filed a petition for certiorari pursuant to *Johnson v. State*, 364 S.E. 201 (S.C. 1988), wherein counsel raised the issue of whether Petitioner's "Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated when plea counsel failed to investigate [his] cell phone records, specifically his cell site location information around the timeframe of the burglary." (ECF No. 41-2 at 3). Petitioner filed a *pro se* response to the *Johnson* petition, arguing several issues concerning the sufficiency of the evidence regarding the Newberry burglary. (ECF No. 41-3). On April 11, 2022, the South Carolina Supreme Court transferred the PCR appeal to the Court of Appeals, (ECF No. 41-4), and on December 3, 2023, the Court of Appeals denied certiorari and granted counsel's request to withdraw from the case, (ECF No. 41-5). Remittitur was issued on January 4, 2024. (ECF No. 41-6).

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of a crime may voluntarily, knowingly, and understandably consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.")

In his federal habeas Petition, Petitioner raised four grounds for relief, the crux of which all pertain to the sufficiency of the evidence regarding Petitioner's Newberry burglary conviction. (ECF No. 19 at 5–10). Specifically, Petitioner challenges the DNA evidence regarding a pair of gloves, the fact that a search warrant of Petitioner's house did not yield any evidence connecting Petitioner to the burglary, the fact that his cell site data did not place him near the crime, and the fact that the key witness for the State was a "known gang member" and that his testimony was "hearsay." *Id.* Accordingly, the magistrate judge liberally construed the Petition as challenging the sufficiency of the evidence to support Petitioner's conviction. (ECF No. 61 at 9). The undersigned agrees with this liberal construction.

Under *Jackson v. Virginia*, a habeas petitioner is entitled to relief on a sufficiency of evidence ground "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 443 U.S. 307, 324 (1979). In his Report, the magistrate judge indicated that Petitioner cannot meet this standard because he did not go to trial; rather, he entered an *Alford* plea. (ECF No. 61 at 10). Accordingly, the magistrate judge stated that Petitioner "waived his right to challenge the sufficiency of evidence underlying his conviction." *Id.* (collecting cases to support the notion that in South Carolina, an *Alford* plea is treated essentially the same as a guilty plea).

In his objections, Petitioner argues that an *Alford* plea "isn't the same thing" as a guilty plea and that he "[did not] give up [his] rights and [he] can still fight the case." (ECF No. 63 at 1). However, Petitioner is mistaken. In South Carolina, "there is no significant distinction between a standard guilty plea and an *Alford* plea," and an *Alford* plea "does not create a special category of defendant exempt from the punishment applicable to [his] conviction." *State v. Herndon*, 742 S.E.2d 375, 380 (S.C. 2013). In fact, the South Carolina Supreme Court has indicated that the

"general consensus [is] that an *Alford* plea is merely a guilty plea with the gloss of judicial grace allowing a defendant to enter a plea in [his] best interests. Moreover, a defendant entering an *Alford* plea is still treated as guilty for purposes of punishment, and simply put, is not owed anything merely because the State and the court have agreed to deviate from the standard guilty plea." *Id.* at 381. In entering an *Alford* plea, a defendant waives his right to appeal or challenge the issue of whether the evidence was sufficient to prove his guilt beyond a reasonable doubt. *Perry v. V.A.*, 533 S.E.2d 651, 652–53 (V.A. 2000) (cited with approval in *Herndon*). Therefore, Petitioner's objections are overruled.[2]

## CONCLUSION

Having thoroughly reviewed the Report and record under the appropriate standards, the court **ADOPTS** the Report (ECF No. 61) and incorporates it herein. Respondent's motion for summary judgment (ECF No. 42) is **GRANTED**, and the Petition (ECF No. 19) is **DENIED**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant

---

[2] Additionally, at his change of plea hearing, the state court judge specifically asked Petitioner if he had "the belief that if [he] went to trial the State's witnesses would be believed and [he] could be convicted," to which Petitioner answered in the affirmative. (ECF No. 41-1 at 8). Petitioner further indicated that he understood that he waived "any defenses, any rights to confront those accusing [him] of [the] crime" and was "giving up those rights to defend [him]self at trial freely and voluntarily." *Id.* When questioned, he affirmed that he understood that in order to enter an *Alford* plea, he had to "give up an opportunity to challenge or confront those accusing [him]." *Id.* at 9. Accordingly, Petitioner was warned at the time of his *Alford* plea that he waived his rights to challenge the evidence.

matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
January 28, 2025